# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SARAH BOWMAR and JOSH BOWMAR, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| HEARST PROPERTIES, INC., | ) ) ) |
| Defendant. | ) ) |

Case No. 3:23-cv-00382
JURY DEMAND

Judge Campbell
Magistrate Judge Frensley

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER TO SOUTHERN DISTRICT COURT OF IOWA**

**COME** the Plaintiffs, Sarah and Josh Bowmar, by and through counsel, and submit that a District Court may transfer any civil action to any other district where it might have been brought or the parties have consented. 28 U.S.C. §1404(a). In this instance, the parties filed a stipulation to transfer this action to the Southern District Court of Iowa (docket #26). The parties respectfully submit that they each consent to the transfer and 28 U.S.C. §1404 establishes the right and the procedure to transfer this case.

28 U.S.C. §1404 (a) reads as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought or to any district or division to which all parties have consented.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.  Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

(d) Transfers from a district court of the United States to the District Court of Guam, the District Court for the Northern Mariana Islands, or the District Court of the Virgin Islands shall not be permitted under this section. As otherwise used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

In this instance, the parties have stipulated to transferring this action to the Southern District Court of Iowa and the Southern District Court of Iowa has the *in personam* and subject matter jurisdiction to adjudicate this matter.

Respectfully submitted,

**KLINE PRESTON LAW GROUP**

*/s/ G. Kline Preston, IV, Esq.*
G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, Tennessee 37205
Tel: (615) 649-8680
Fax: (866) 610-9565
kpreston@klineprestonlaw.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been sent via electronic mail and/or U.S. Mail, postage pre-paid, on this the 12th day of September, 2023 to the following:

| | |
|---|---|
| Rocklan W. King III (BPR No. 30643) <br> Adams and Reese LLP <br> 1600 West End Avenue, Suite 1400 <br> Nashville, Tennessee 37203 <br> Tel: (615) 259-1041 <br> Fax: (615) 259-1470 <br> Rocky.king@arlaw.com | Jonathan R. Donnellan *pro hac vice* <br> Kristen L. Hauser *pro hac vice* <br> HEARST CORPORATION <br> Office of General Counsel <br> 300 W. 57th Street, 40th Floor <br> New York, NY 10019 <br> (212) 649-2020 <br> jdonnellan@hearst.com <br> khauser@hearst.com |

*Attorneys for Hearst Properties, Inc.*

 

                                                    */s/ G. Kline Preston, IV, Esq.*
                                                      G. Kline Preston, IV, Esq.